**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BREAKING GLASS PICTURES, LLC,**

    **Plaintiff,**

v.                                           **Case No. 8:13-cv-1154-T-27TBM**

**DOE 49,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the Court on Plaintiff's **Motion For Leave to Serve Non-Party Subpoena Prior to a Rule 26(f) Conference**. (Doc. 6). The Motion seeks leave to conduct immediate discovery on the Doe Defendant's Internet Service Provider in order to learn his/her true identity. Plaintiff alleges that the Doe Defendant has used the Internet and BitTorrent protocol to commit copyright infringement and contributory copyright infringement. *See* (Doc. 1).

Upon consideration, Plaintiff's **Motion For Leave to Serve Non-Party Subpoena Prior to a Rule 26(f) Conference** (Doc. 6) is **GRANTED**, and the Court finds as follows:

1. Plaintiff has established that good cause exists for it to serve a third party subpoena on the Internet Service Provider listed in Exhibit A to the Motion (the "ISP"). (Doc. 6-1). *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7*, No. 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008); *see* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

2. Plaintiff is hereby authorized to serve the ISP with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Motion. *See* (Doc. 6-1). Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Such information as is obtained in response to the subpoena shall be used solely in connection with the prosecution of this claim. Where appropriate, Plaintiff shall pay a reasonable fee in connection with the provision of the requested information, which fee need not be made in advance of the provision of the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such

       ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers.  If necessary, the Court will resolve any disputes on subsequent motion.

6. Should the Defendant file any motion objecting to the disclosure of his or her identifying information, the ISP shall withhold the moving Defendant's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent court order authorizing the disclosure.  The ISP shall retain the Defendant's identifying information, and any records relating therein, until such time as this case is resolved.

**Done and Ordered** in Tampa, Florida, this 26th day of September 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

3